UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LOREN J. LARSON, JR.,<br><br>    Petitioner,<br> vs.<br><br>JOHN (CRAIG) TURNBULL,<br>Superintendent, Spring Creek<br>Correctional Center<br><br>    Respondent. | 3-05-cv-00040-TMB-JDR<br><br>**FINAL RECOMMENDATION<br>REGARDING<br>MOTION TO DISMISS**<br>(§2254)<br><br>(Docket Entry 6) |

   Petitioner Loren Larson timely filed objections to the magistrate judge's recommendation regarding the respondent's motion to dismiss. *See*, objections, docket entry 12. The respondent filed a response to the objections. Docket entry 15. The parties were directed to file supplemental briefing to address two questions: namely, (1) whether the ruling in Larson's case that Alaska lacks a procedure allowing an offender to prove that jurors improperly expressed belief of a defendant's

guilt after being sworn, but before the commencement of deliberations, was a case of first impression in Alaska courts or a well-established principle of law; and (2) implications of the answer to the foregoing question.  The petitioner submitted a supplemental brief at docket entry 17, and the respondent's brief was filed at docket entry 21.

Upon due consideration of the objections and parties' memoranda, the magistrate judge declines to modify the recommendation that the rendering of the jurors affidavits formed the "factual predicate" of Larson's habeas ground that his Sixth Amendment right to a fair trial was infringed based on a claim that jurors began discussing his case before formal deliberations, and jurors were biased against him. The recommendation concludes that the limitations period was not tolled between the date of the jurors' affidavits and Larson's filing of a State habeas petition.  No further discussion of that part of the recommendation is deemed necessary.

One of the grounds in the habeas petition alleges that Larson's Fourteenth Amendment right to due process was violated because Alaska does not have a procedure that allows an offender to prove that jurors improperly expressed beliefs of his guilt after being sworn, but before the commencement of deliberations. In his objections, Larson argues that the factual predicate for this claim is not the jurors' affidavits, but the Alaska courts' refusal to consider them.  He reasons that because he did not discover the factual predicate for this claim until after the Alaska

courts declined to consider his juror affidavits and construed the Alaska Rules of Evidence to bar consideration of such testimony, he could not have known that his second ground for habeas relief existed.  In his view, the ruling of the Alaska courts gave rise to a new, previously undiscoverable, constitutional violation, and the date that the ruling became final was the triggering date for commencement of AEDPA's one-year statute of limitations for that claim.  He contends that only after the Alaska courts notified him that they would not consider the jurors' affidavits did he have a basis and a reason to argue that the Alaska law violated his due process rights by failing to provide a procedure that would allow him to prove that jurors improperly expressed beliefs of his guilt after being sworn, but before the start of deliberations.

The respondent counters that the decision of the Alaska Court of Appeals in <u>Larson v. State</u>, 79 P.3d 650 (Alaska App. 2003), did not resolve legal questions of first impression or change the legal landscape with respect to Larson's due process claim.  The respondent argues that the Alaska Court of Appeals relied upon prior Alaska cases and federal cases, as well as language and policy of Alaska Rule of Evidence 606(b) in its ruling which did not establish a new rule of State law.

A clear reading of <u>Larson v. State</u>, *supra*, reveals that the Alaska Court of Appeals did not establish a new law or "bring to light for the first time a constitutional violation" securing Larson's continued imprisonment.  First, Judge Mannheimer's opinion in <u>Larson v. State</u> does not claim that the issues presented

by Larson are ones of first impression or that the court's opinion establishes a new law. In Larson, the Alaska appellate court rejected Larson's construction of Alaska Evidence Rule 606(b) stating that the admissibility of juror affidavits under that rule turns on the type of impropriety they describe, not the timing of that impropriety, as suggested by Larson. The opinion notes that Rule 606 defines the situation in which litigants are barred from offering the testimony or affidavits of jurors. The opinion discusses that none of Larson's allegations appear to fall within the two exceptions specified in Rule 606(b)–the exceptions for "extraneous prejudicial information" and "[improper] outside influence." 79 P.3d at 654.

The opinion addressed Larson's contention that he should be allowed to litigate the alleged juror misconduct in his case through juror affidavits because the misconduct occurred before the jury's formal deliberations. The opinion also addresses his argument that jurors forfeited their status as "jurors," effectively becoming "outside influences." The opinion cites and relies upon State and federal case law as precedent and explains why Larson's arguments lack merit. The opinion discusses Tanner v. United States, 483 U.S. 107 (1987), wherein the majority of the United States Supreme Court decided that Fed.R.Evid. 606(b) precluded the post-verdict use of juror testimony or juror affidavits alleging misconduct that occurred during a trial. Judge Mannheimer noted that federal cases are virtually unanimous in rejecting post-verdict attacks based on allegations of the

types presented in Larson's case, namely allegations that jurors prematurely discussed the merits of the case or prematurely formed opinions about the defendant's guilt or innocence. 79 P.3d at 655.

In this regard, the Alaska Court of Appeals observed that Larson was urging the court to adopt the approach of the dissenters in Tanner, but the Alaska court declined to do so. The Larson opinion explains the dangers of the approach inherent in the allegations raised by Larson. 79 P.3d at 656. As examples, Larson cites Hancock v. Northcutt, 808 P.2d 251 (Alaska 1991) wherein the Alaska Supreme Court rejected a litigant's request for a new trial based on similar jury misconduct, and Poulin v. Zartman, 542 P.2d 251, 264-65 (Alaska 1975), wherein the Alaska Supreme Court rejected the notion that a litigant could obtain a new trial by showing that one or more jurors "develop[ed] a like or dislike for one side during [the] trial [that] may [have] affect[ed] the way that juror vote[ed] in the jury room." *Id.* at 656. Larson also cites the commentary to Alaska Evidence Rule 606(b) and concludes that no court has ever held that Rule 606(b) is unconstitutional to the extent that it bars juror evidence of the types of misconduct at issue in Larson's case. To the contrary, the opinion states, several courts have recently upheld their versions of Rule 606(b) against constitutional challenge. Larson cites Williams v. Price, 343 F.3d 223, 230 (3d Cir. 2003), which held that Tanner strongly suggested that the exclusion of evidence of juror misconduct pursuant to the traditional "no

impeachment" rule is constitutional because of the important purposes that the rule has long been recognized as serving. Other federal cases were cited at 79 P.3d 659.

In <u>Shannon v. Newland</u>, 410 F.3d 1083 (9th Cir. 2005), the court of appeals held that a State court's determination of its own substantive law in a way that left the habeas petitioner with no meritorious federal claim could not constitute an "impediment" to filing a petition for the purpose of extending the limitations period. <u>Shannon</u> argues in pertinent part that a California Supreme Court's decision (<u>People v. Lasko</u>, 23 Cal.4th 101; 96 Cal.Rptr.2d 441; 999 P.2d 666 (2000)), which was decided long after Shannon's conviction constituted a factual predicate of his claim for purposes of computing the one-year statute of limitations under 28 U.S.C. §2244(d)(1)(D). The Ninth Circuit ruled against Shannon holding that the State appellate court's decision was not an impediment to Shannon's filing a habeas petition since he had been free to file such petition at any time. The court characterized Shannon's real objection as one that the State court's decision determined State law in a way that provided no legal basis for a federal habeas petition prior to the California Supreme Court's decision in <u>Lasko</u>. The Ninth Circuit observed that if Shannon's argument carried the day, then whenever a State court clarified its own substantive or procedural law, "any prisoner convicted under the understanding of the State's legal standard or procedure previously prevailing in

State courts–no matter how long ago the conviction occurred–would be free to file a federal habeas petition." See, 410 F.3d at 1088. The Shannon court stated that §2244(d)(1)(D) refers to a "factual" predicate, which does not include an appellate court's decision clarifying the law, not the facts. In Shannon, the California Supreme Court's decision in Lasko was unrelated to Shannon's case and had no direct effect on his legal status.

In the instant case, Larson argues that because the ruling he disagrees with is part of his own case, not that of an unrelated case, then the Alaska Court of Appeals decision should be treated as a "factual predicate" of his claim which could not have been discovered through the exercise of due diligence until the Alaska courts held against him. Essentially, Larson takes issue with the fact that the federal habeas statute period of limitations commenced before he had litigated his post-conviction claim in the Alaska courts. Although federal law provides for a tolling of the time that Larson is actually pursuing his post-conviction claim in State courts, the commencement of the statute of limitations for his post-conviction claims is not delayed until after the State courts have ruled. If that were the case, then the limitations period might never commence if the petitioner delayed pursuing the claim in State courts. Larson's case is distinguishable from those wherein a State court order of vacatur, itself, is the critical fact which begins AEDPA's one-year limitations period. The entry or setting aside of a judgment is a fact, but a State court decision

clarifying the law is not a fact.  Shannon, *supra*, at 1088.[1]  The operative date under 28 U.S.C. §2244(d)(1)(D) is the date on which the petitioner learned, or with due diligence should have learned, the facts supporting his claim to vacate his State conviction.  United States v. Gadsen, 332 F.3d 224, 227 (4th Cir. 2003).[2]

For reasons discussed above, the magistrate judge concludes that the instant case does not constitute a case of first impression or change the legal landscape to establish a new rule of law.  Therefore, the factual predicate for Larson's claims was the date of the jurors' affidavits, and his claims are barred under AEDPA as untimely, including the claim that he was denied due process based on an allegation that members of his jury had engaged in misconduct during his trial.

---

[1] The recommendation already addresses the argument that the time between Larson's conviction and the Alaska Court of Appeals decision in State v. Larson should be equitably tolled.  Equitable tolling is available only when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time."  *See also*, Stillman v. Lamarque, 319 F.3d 1199, 1202 (9th Cir. 2003).  In the instant case, no extraordinary circumstances have been shown to exist.

[2] The facts in Gadsen were that the federal prisoner, Gadsen, had been sentenced as a career offender based on a State conviction that was subsequently vacated by a State post-conviction relief court, thus the State court had vacated a key conviction relied on by the original federal court in sentencing Gadsen as a career offender.

**The respondent's motion to dismiss the habeas petition should be granted**.

This matter is now forwarded to the assigned district judge for his determination.

DATED this 22nd day of September, 2006, at Anchorage, Alaska.


                                       /s/ John D. Roberts
                                       JOHN D. ROBERTS
                                       United States Magistrate Judge