THE HONORABLE TIMOTHY M. BURGESS

JEFFREY L. FISHER
Davis Wright Tremaine LLP
1501 Fourth Avenue
Seattle, WA  98122
Tel: (206) 622-3150
Fax: (425) 668-7799
Eml: jefffisher@dwt.com

ROBERT K. STEWART, JR.
Davis Wright Tremaine LLP
701 West Eighth Ave., Suite 800
Anchorage, AK  99501-3468
Tel: (907) 257-5300
Fax: (907) 257-5399
Eml: bobstewart@dwt.com

Attorneys for Petitioner Loren J. Larson, Jr.

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ALASKA

LOREN J. LARSON, JR.          )
                              )
            Petitioner,       )     No. 3:05-cv-0040-TMB-JDR
                              )
    v.                        )     PETITIONER'S MOTION FOR
                              )     CERTIFICATE OF
JOHN (CRAIG) TURNBULL,        )     APPEALABILITY
Superintendent of the Spring Creek )
Correctional Center,          )     Noted for: November 17, 2006
                              )
            Respondent.       )
_____ )

## I.    INTRODUCTION

Petitioner Loren J. Larson, Jr. requests this Court grant a certificate of

appealability ("COA") on the following issue:

MOTION FOR CERTIFICATE OF APPEALABILITY - 1
SEA 1891148v2 67697-1

Davis Wright Tremaine LLP
LAW OFFICES
Suite 800,  701 W 8ᵗʰ Avenue
Anchorage, Alaska  99501-3468
(907) 257-5300 ·  Fax: (907) 257-5399

Whether the district court erred in dismissing as time barred Larson's Sixth and Fourteenth Amendment claims based on his jury's premature deliberations by mistakenly concluding that the Alaska courts' refusal to allow him to prove the juror misconduct did not constitute a factual predicate forming the basis for his federal habeas claims that could not have been discovered earlier.

## II.     PROCEDURAL BACKGROUND

Larson was convicted of murder and burglary in the first degree in Alaska state court, from which he directly appealed. *See Larson v. State*, 2000 WL 19199 (Alaska App. Jan. 12, 2000), *review denied* (Alaska May 22, 2000). He pursued his state habeas proceedings and filed affidavits in which jurors explained that some jurors discussed the case before it was over and expressed their belief that Larson was guilty, but the state courts refused to consider the affidavits on the ground that Alaska Evidence Rule 606(b) barred their introduction. *Larson v. State*, 79 P.3d 650 (Alaska App. 2003), *review denied* (Alaska Mar. 2, 2004). Larson then filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 with this Court raising two constitutional issues: (1) that his right to a fair trial under the Sixth Amendment was violated by the jury's premature deliberation and the Alaska courts' construction of Alaska Evidence Rule 606(b); and (2) that his right to due process under the Fourteenth Amendment was violated by Alaska's

MOTION FOR CERTIFICATE OF APPEALABILITY - 2
SEA 1891148v2 67697-1

Davis Wright Tremaine LLP
LAW OFFICES
Suite 800, 701 W 8th Avenue
Anchorage, Alaska  99501-3468
(907) 257-5300 · Fax: (907)257-5399

lack of procedure to afford a defendant an opportunity to demonstrate that jurors engaged in misconduct after being sworn but before the start of deliberations. Dkt. No. 1. The State moved to dismiss Larson's petition on the grounds that it was filed beyond the one-year period under 28 U.S.C. § 2244(d). Dkt. No. 6. Larson opposed the motion, invoking the principle that when a state prisoner discovers a new fact that could not have been discovered earlier through the exercise of due diligence, that discovery starts a new one-year limitations period. § 2244(d)(1)(D). Larson argued that the Alaska courts' decision not to consider the evidence of the constitutional violation that occurred during his trial constituted such a fact and that he filed for relief within one year of that decision (excluding tolling). Dkt. No. 9.

The Magistrate Judge issued an initial report and recommendation ("R&R") recommending that the motion to dismiss be granted. Dkt. 11. Larson timely objected to the initial R&R. Dkt. No. 12. Following the State's response, the Magistrate requested counsel to address the following questions:

> 1.    Is the ruling in Mr. Larson's case (that Alaska lacks a procedure that allows an offender to prove that jurors improperly expressed beliefs of a defendant's guilt [after] being sworn, but before the start of deliberations) a case of first impression in Alaska, or conversely, was this a well established principle of law?

MOTION FOR CERTIFICATE OF APPEALABILITY - 3
SEA 1891148v2 67697-1

Davis Wright Tremaine LLP
LAW OFFICES
Suite 800, 701 W 8ᵗʰ Avenue
Anchorage, Alaska  99501-3468
(907) 257-5300 ·  Fax: (907) 257-5399

2.    What are the implications of the answer to the foregoing question?

Dkt. No. 16.

After completion of briefing on those issues, the Magistrate recommended that the motion to dismiss be granted. Dkt. No. 23. This Court adopted the Magistrate's Final R&R, granted the State's motion to dismiss, and entered judgment dismissing the case with prejudice. Dkt. Nos. 24 & 25.

## III.    DISCUSSION

When, as here, a dismissal is based on a procedural ruling, a COA may be granted where a petitioner shows, at least, that jurists of reason would find it debatable whether the petitioner alleges a valid claim of the denial of a constitutional right and whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). These two inquiries may be addressed in whichever order the court wishes, if the answer to one is more apparent from the record and arguments. *Petrocelli v. Angelone*, 248 F.3d 877, 884 (9th Cir. 2001). Each component is satisfied here.

### A. Petitioner Has Alleged the Denial of His Constitutional Rights.

When the district court has dismissed a petitioner's claims on procedural grounds and the petitioner has not had an opportunity to support the claims on the merits through briefing, argument or the introduction of evidence, the court should

MOTION FOR CERTIFICATE OF APPEALABILITY - 4
SEA 1891148v2 67697-1

Davis Wright Tremaine LLP
LAW OFFICES
Suite 800, 701 W 8th Avenue
Anchorage, Alaska  99501-3468
(907) 257-5300 · Fax: (907) 257-5399

assume for purposes of considering whether to grant a COA that all petitioner's factual inferences are true and "will simply take a 'quick look' at the face of the complaint to determine whether the petitioner has 'facially allege[d] the denial of a constitutional right.'" *Id.* at 885 (citing *Lambright v. Stewart*, 220 F.3d 1022, 1026 (2000)). If so, this prong of the analysis is satisfied. *Id.*

The "quick look" standard clearly has been satisfied here. Although Larson has not had an opportunity to submit his substantive briefing, he asserts in his habeas petition that his Sixth and Fourteenth Amendment rights were violated by the Alaska courts' decisions preventing him from showing that the jurors in his case improperly deliberated and opined as to his guilt before the case had been submitted to them for formal deliberations. Dkt. 1 at 3-5. The Sixth and Fourteenth Amendments require "that each juror keep an open mind until the case has been submitted to the jury." *Davis v. Woodford,* 384 F.3d 628, 653 (9th Cir. 2004) (internal citation and quotation marks omitted). Accordingly, a defendant's constitutional rights are violated when "any of the jurors actually" decide and discuss among themselves how they are going to vote "before the case was submitted to them. " *Anderson v. Calderon*, 232 F.3d 1053, 1098-99 (9th Cir. 2000), *overruled on other grounds by Osband v. Woodford,* 290 F.3d 1036 (9th Cir. 2002). *See also State v. Cherry,* 20 S.W.3d 354, 359 (Ark. 2000) ("For even

MOTION FOR CERTIFICATE OF APPEALABILITY - 5
SEA 1891148v2 67697-1

Davis Wright Tremaine LLP
LAW OFFICES
Suite 800, 701 W 8th Avenue
Anchorage, Alaska  99501-3468
(907) 257-5300 ·  Fax:  (907) 257-5399

one juror to prematurely decide a defendant's guilt before hearing all the evidence and being instructed on the law, deprives that criminal defendant of his right to a fair and impartial jury").

And where there is a right, there must be a remedy. Accordingly, courts in the federal habeas context and other contexts have held that a state's applying an evidentiary rule to exclude post-trial juror affidavit evidencing premature deliberation violates the Sixth and Fourteenth Amendments. *Doan v. Brigano*, 237 F.3d 722, 736 (6th Cir. 2001), *abrogated on other grounds by Wiggins v. Smith*, 539 U.S. 510 (2003); *Cherry,* 20 S.W.3d at 357, 358-59 (construing state evidentiary rule to allow such proof of constitutional violations). Here, the juror affidavits Larson sought to introduce undisputedly show that some jurors predetermined his guilt prior to the start of deliberations. Consequently, Larson's habeas petition unquestionably states a valid claim of denial of his constitutional rights.

**B. This Court's Procedural Ruling is Debatable Among Reasonable Jurists.**

Reasonable jurists could find it debatable that the Alaska courts' decision in Larson's case did not constitute a factual predicate from which the statute of limitations period for filing his federal habeas petition began to run. The central

MOTION FOR CERTIFICATE OF APPEALABILITY - 6
SEA 1891148v2 67697-1

Davis Wright Tremaine LLP
LAW OFFICES
Suite 800, 701 W 8ᵗʰ Avenue
Anchorage, Alaska  99501-3468
(907) 257-5300  ·  Fax:  (907) 257-5399

1
2
3
4
5

issue in this regard is whether the state courts' ruling that precluded Larson from offering evidence of juror misconduct amounted to a new, previously undiscoverable fact, thus triggering the limitations period under 28 U.S.C. § 2244(d)(1)(D).

6
7
8
9
10
11
12
13
14
15
16
17
18
19

It is clear that a state court ruling after a prisoner's conviction is final can trigger a new limitations period. The Supreme Court has held that a state court decision vacating a prior conviction that had been used to enhance defendant's sentence is a matter of fact for purposes of the AEDPA limitation rule. *Johnson v. United States*, 544 U.S. 295, 302, 308 (2005). *See also United States v. Gadsen*, 332 F.3d 224, 226-27 (4th Cir. 2003) (noting that nearly identical time restrictions apply to 28 U.S.C. §§ 2255 and 2244, and vacatur of petitioner's state sentence constituted a fact for § 2255 time calculation purposes). Such a state court decision gives rise, for the first time, to a constitutional claim that the defendant would not otherwise have had.

20
21
22
23
24
25
26

As the Magistrate recognized, therefore, the key question here is whether the Alaska Court of Appeals' interpretation in Larson's case of Alaska Evidence Rule 606(b) established new law, or whether it merely applied a well settled (and thus entirely foreseeable) evidentiary principle. The Magistrate concluded, and this Court agreed, that the state court's application of Rule 606(b) "did not establish a

MOTION FOR CERTIFICATE OF APPEALABILITY - 7
SEA 1891148v2 67697-1

1  new law or 'bring to light for the first time a constitutional violation.'" Dkt. 23 at

2  3.

3

4      But there are ample grounds to debate this conclusion in good faith.  For

5  one, the court of appeals expressly states at the outset that its decision would

6  require explanation of a new concept:

7

8          Because the juror affidavits in Larson's case describe
           matters that "inhere" in the jury's decision-making
9          process (*a concept that we explain in this opinion*),
10         Evidence Rule 606(b) bars the use of these affidavits....

11  *Larson*, 79 P.3d at 653 (emphasis added).  In contrast, where the court did consider

12  an issue "well settled," it so noted.  *See id.* at 657 ("With regard to the other types

13
14  of improprieties alleged by Larson...the law is settled that Evidence Rule 606(b)

15  bars jurors from giving evidence on these matters if the alleged improprieties

16  occurred during the jury's formal deliberations."); *id.* at 658 ("If the types of

17
18  misconduct that Larson alleges had occurred during the jury's formal deliberations,

19  it is clear that Rule 606(b) would bar any juror testimony or affidavits on these

20  subjects.").

21

22      The court of appeals also conceded that Larson's construction of Rule

23  606(b) to permit evidence of pre-deliberative juror misconduct "finds some support

24
25  in the wording of the rule," and was "tenable," *id.* at 655-56.  The tenability of his

26  interpretation makes sense given that the Alaska cases cited clearly show that

MOTION FOR CERTIFICATE OF APPEALABILITY - 8

Davis Wright Tremaine LLP
LAW OFFICES
Suite 800, 701 W 8th Avenue
Anchorage, Alaska  99501-3468
(907) 257-5300 · Fax:  (907) 257-5399

whether Alaska lacked a procedure to allow an accused to prove that jurors prematurely deliberated and expressed belief of his guilt had not been addressed. *See Titus v. State*, 963 P.2d 258 (Alaska 1998) (whether a juror's pre-existing knowledge falls under the Rule 606(b) exception); *Van Huff v. Sohio Alaska Petroleum Co.*, 835 P.2d 1181, 1187 (Alaska 1992) (juror's allegedly improper comments made during deliberations); *Hancock v. Northcutt*, 808 P.2d 251, 259 (Alaska 1991) (juror affidavits "detail[ed] the jurors' mental processes"); *Poulin v. Zartman*, 542 P.2d 251, 264 (Alaska 1975) (concluding that the trial judge did consider the juror affidavits but that they were insufficient to affect the verdict). Accordingly, there is a strong argument that the Alaska Court of Appeals' refusal to review the juror affidavits Larson presented announced new law.

The Ninth Circuit's decision in *Shannon v. Newland*, 410 F.3d 1083 (9th Cir. 2005), upon which the Magistrate relied, does not dictate the contrary. Unlike here, the petitioner in *Shannon* based his claims upon a state court decision that was not part of his own case history. The Ninth Circuit emphasized this circumstance in distinguishing the case from *Johnson* and holding that this state court decision did not constitute a new fact giving rise to a new limitations period. *See id.* at 1088-89. Reasonable jurists, therefore, surely could debate whether the state courts' decision in Larson's *own* habeas proceedings, refusing to provide a

MOTION FOR CERTIFICATE OF APPEALABILITY - 9
SEA 1891148v2 67697-1

Davis Wright Tremaine LLP
LAW OFFICES
Suite 800, 701 W 8ᵗʰ Avenue
Anchorage, Alaska 99501-3468
(907) 257-5300 · Fax: (907) 257-5399

procedure by which he could demonstrate that his rights had been violated, formed the basis for his federal habeas petition. Because he could not have discovered these claims earlier by any exercise of due diligence (and his federal habeas petition was filed within one year of the state supreme court denying review of the court of appeals' decision effecting the violation) Larson has a strong argument that his petition is timely. *See Gadsen*, 332 F.3d at 227 ("Gadsen could not have 'discovered' this 'fact'…until it became clear that the lower court's decision was the last word on the matter.").

## IV.    CONCLUSION

Mr. Larson respectfully requests that this Court grant a COA on the issue presented above.

DATED this 23rd day of October, 2006.

DAVIS WRIGHT TREMAINE LLP


By: /s/ Jeffrey L. Fisher
    JEFFREY L. FISHER
    Washington State Bar No. 30199

By: /s/ Robert K. Stewart, Jr.
    ROBERT K. STEWART, JR.
    Alaska Bar No. 8506082

Attorneys for Petitioner Loren J. Larson, Jr.

MOTION FOR CERTIFICATE OF APPEALABILITY - 10
SEA 1891148v2 67697-1

Davis Wright Tremaine LLP
LAW OFFICES
Suite 800, 701 W 8th Avenue
Anchorage, Alaska 99501-3468
(907) 257-5300 · Fax: (907) 257-5399

1    Certificate of Service:

2    I certify that on October 23, 2006, a true and correct
     Copy of the foregoing document was served electronically on the
3    following:

4    Nancy R. Simel

5
            /s/ Kris Hamann
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

MOTION FOR CERTIFICATE OF APPEALABILITY - 11

SEA 1891148v2 67697-1

Davis Wright Tremaine LLP
LAW OFFICES
Suite 800, 701 W 8ᵗʰ Avenue
Anchorage, Alaska   99501-3468
(907) 257-5300 · Fax: (907) 257-5399