RECEIVED
MAR 2 4 2008
CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED
MAR 20 2008
CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LOREN J. LARSON, JR., <br><br> Petitioner - Appellant, <br><br> v. <br><br> JOHN (CRAIG) TURNBULL, <br><br> Respondent - Appellee. | No. 07-35427 <br><br> D.C. No. CV-05-00040-TMB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Submitted January 9, 2008[*]
Seattle, Washington

Before: KLEINFELD, TASHIMA, and TALLMAN, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Loren Larson filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court dismissed Larson's petition as untimely. We have jurisdiction under 28 U.S.C. §§ 2253(a) and 1291, and we affirm.

The gravamen of Larson's habeas petition is that pre-deliberation juror misconduct violated his constitutional rights. Larson became aware of that misconduct when he obtained affidavits from some of the jurors. He filed his federal habeas petition more than one year from his receipt of those affidavits, even taking into account the tolling that occurred when he was pursuing post-conviction relief in the Alaska courts. Thus, his petition was untimely. *See* 28 U.S.C. § 2244(d)(1)(D).

We reject Larson's argument that the appropriate factual predicate is the Alaska Court of Appeal's decision in *Larson v. State*, 79 P.3d 650 (Alaska Ct. App. 2003). That decision does not qualify as a "fact" for purposes of deciding when the statute of limitation was triggered. *See Johnson v. United States*, 544 U.S. 295 (2005); *Shannon v. Newland*, 410 F.3d 1083, 1088 (9th Cir. 2005).

We reject the argument that *Larson*'s allegedly erroneous decision denying him state post-conviction relief independently deprived him of his federal constitutional rights. First, a post-conviction proceeding is not a criminal trial and the panoply of constitutional protections that accompany a criminal trial do not

apply in a post-conviction proceeding. *Cf. Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987) (holding that there is no constitutional right to counsel in state post-conviction proceedings). To grant relief on the merits we would have to find that *Larson's* ruling by the state courts that Alaska Evidence Rule 606(b) prevents introduction of the proffered evidence is - "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Yet, Larson has cited no Supreme Court case which holds to the contrary. Larson contends that the Alaska Court of Appeal's interpretation of Alaska Rule of Evidence 606(b) in his state post-conviction proceeding independently violates the Fourteenth Amendment. But resolution of that issue was subject to direct review on a petition for a writ of certiorari to the United States Supreme Court, which Larson did not pursue.

Because his federal habeas petition was untimely, the judgment of the district court dismissing it for that reason is AFFIRMED.